Kane, Robert J., J.
Originally, plaintiff, through counsel, requested $166,125 in attorneys fees for services of Attorney Edward Reilly (Reilly); $61,400 in attorneys fees for the services of co-counsel, John Kerr (Kerr); $27,325.05 for retaining three expert witnesses; and $6,451.25 in costs including $4,491.25 for deposition transcripts. After issuance of a memorandum of decision setting out findings and rulings establishing Dr. Mark T. Reilly’s (Dr. Reilly) right to relief under G.L.c. 93A, this Court requested that Reilly submit proposed fees and costs for the time exclusively spent on prosecution of the 93A claim and any explanation for an award of additional fees and costs. Dr. Reilly, again through counsel, submitted affidavits in which Reilly itemized his fees, exclusively devoted to prosecution of the 93A claim, at $64,912.50; and Kerr requested fees of $49,240, with both attorneys reinstituting the same demand for payment award of expert fees and assorted costs.
Dr. Reilly’s new request for an award of fees sets forth that Reilly’s work amounts to 432.75 hours billed at $ 150 per hour; and Kerr’s work amounts to 246.20, billed at $200 per hour. Defendants Mashberg and the Herald oppose plaintiffs slimmed-down request for fees and the request for an award of any expert costs. First, defendants argue that the fee award should only cover fees generated after May 10, 2005, “when the Chapter 93A claim became part of the case.” Second, defendants argue that plaintiff may only recover a portion of the fees incurred after May 10th.
DISCUSSION
G.L.c. 93A provides for an award of reasonable attorneys fees and costs “incurred in said action.” It appears that such fees may not be awarded for time spent before addition of the 93A count to a case. Tarpey v. Crescent Ridge Dairy, Inc., 47 Mass.App.Ct. 380, 392-93 (1999). Working under that formula, the 93A case, for purposes of calculation of attorneys fees or costs, commenced on May 10,2005, when the court endorsed the motion to add the 93A count.
Based on my review of the billings, I find Reilly and Kerr spent 498 hours, and I award for that time $200 per hour, a figure commensurate with the effort expended and outcome achieved. In this libel action that brought into play the fair report privilege, the law and facts were complex and nuanced. Both Reilly and Kerr addressed those legal and factual issues with uncommon skill. Beyond such tasks, Reilly and Kerr responded comprehensively and knowledgeably to evidentiary issues, including issues of agency and the scope of G.L.c. 93A. Based on the efforts of the attorneys, Dr. Reilly secured an award of $225,000, which served as the basis for his 93A damages.
Given the close interplay between the 93A and libel counts, I choose not to apportion or reduce the $99,600 in legal fees.
COSTS
“In a Chapter 93A case, ‘reasonable expert witness’ fees should normally be recoverable ... in order to vindicate the policies of the act.’ ” Charles River Const. Co. v. Kirksey, 20 Mass.App.Ct. 333, 345 (1985); see *626 also Barron v. Fidelity Magellan Fund, 57 Mass.App.Ct. 507, 514-15 (2003). Here, Dr. Reilly seeks recoupment of costs for retaining Drs. Murtaugh, Kendall, and Zelnick. Dr. Murtaugh addressed Dr. Reilly’s quality of care which had a relationship with the defamation underlying the Chapter 93A case, albeit not directly helpful to plaintiffs 93A claim. Dr. Kendall addressed damages, and his testimony was relevant to the $225,000 damage award. Dr. Zelnick never testified. Based on the above, this Court awards $4,800 in expert fees. As to the requested $6,451.25 in costs, this Court awaits Plaintiffs justification.
ORDER
Based on the above, this Court AWARDS $99,600 in attorneys fees and $4,800 in expert fees.